**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

**Case No. 24-10913-A**

DECLAN FLIGHT, INC. and RIGHT RUDDER
AVIATION, LLC,

*Appellants/Cross-Appellees*,

v.

TEXTRON eAVIATION INC. and TEXTRON INC.,

*Appellees/Cross-Appellants*.

Appeal from the United States District Court for the Middle District of Florida
No. 5:23-cv-00301-GAP-PRL

**APPELLEES/CROSS-APPELLANTS' SUPPLEMENTAL APPENDIX**

Mitchell A. Karlan, Esq.
Timothy Sun, Esq.

Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000

Scott A. Richman, Esq.
Keef Fred Owens, Esq.

McDonald Toole Wiggins, P.A.
111 N. Magnolia Avenue, Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800

*Attorneys for Appellees/Cross-Appellants Textron Inc. and Textron eAviation Inc.*

# <u>TABLE OF CONTENTS/INDEX</u>

## <u>Appellees/Cross-Appellants' Supplemental Appendix</u>

**<u>TAB</u>**

**Notice of Pendency of Other Actions (Amended)** . . . . . . . . . . . . . . . . . . . . . . . . **13**

**Defendants' Opposition to Plaintiffs' Motion to Amend the First Amended Complaint by Interlineation or, in the Alternative, by Leave of Court to File Second Amended Complaint** . . . . . . . . . . . . . . . . . . . . . . **70**

**Plaintiffs' Motion to Amend the First Amended Complaint by Interlineation by Dismissing Cause of Action IV Under Fed. R. Civ. P. 15(a) or, in the Alternative, by Leave of Court to File Second Amended Complaint** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **71**

**Order** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **73**

**13**

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(OCALA DIVISION)**


| | |
|---|---|
| DECLAN FLIGHT, INC. and RIGHT RUDDER AVIATION, LLC | ) ) ) ) |
| Plaintiffs, | ) Case No. 5:23-cv-301-GAP-PRL |
| v. | ) ) ) |
| TEXTRON, INC., and TEXTRON eAVIATION, INC. | ) ) ) |
| Defendants. | ) |


<u>NOTICE OF PENDENCY OF OTHER ACTIONS (AMENDED)</u>

In accordance with Local Rule 1.07, I certify that the instant action:

<u>     X     </u> IS      related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:  On September 15, 2022 Plaintiff Declan Flight, Inc. ("Declan") brought a breach of contract action in Rhode Island state Superior Court (Providence) in Cause No. PC-2022-05498 against Textron, Inc. (f/k/a Pipistrel Vertical Solutions D.O.O.).  That suit was dismissed without prejudice by Declan on February 22, 2023.


<u>            </u> IS NOT      related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.


I further certify that I will serve a copy of this Notice of Pendency of Other Actions upon each party no later than fourteen days after appearance of the party.

DATE:  June 20, 2023

BAILEY GLASSER LLP

*/s/ James L. Kauffman*
James L. Kauffman (Florida Bar No. 12915)
Brian A. Glasser (*pro hac forthcoming)*
John G. Turner III (*pro hac forthcoming)*
Robert R. Bell III (*pro hac forthcoming*)
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
jkauffman@baileyglasser.com
bglasser@baileyglasser.com
jturner@baileyglasser.com
rbell@baileyglasser.com

*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 20, 2023, the foregoing *Notice of Pendency of Other Actions (Amended)* was electronically filed with the Clerk of Court using the Court's CM/ECF system which sent notification to all attorneys of record.


*/s/ James L. Kauffman*
James L. Kauffman (Florida Bar No. 12915)
Brian A. Glasser (*pro hac forthcoming)*
John G. Turner III (*pro hac forthcoming)*
Robert R. Bell III (*pro hac forthcoming*)
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
Telephone: (202) 463-2101
Facsimile: (202) 463-2103
jkauffman@baileyglasser.com
bglasser@baileyglasser.com
jturner@baileyglasser.com
rbell@baileyglasser.com

**70**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| DECLAN FLIGHT, INC. and RIGHT RUDDER AVIATION, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>-against-<br>TEXTRON INC., and<br>TEXTRON eAVIATION INC.<br>　　　　　　　Defendants. | No. 5:23-cv-00301 (GAP-PRL) |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THE FIRST AMENDED COMPLAINT BY INTERLINEATION OR, IN THE ALTERNATIVE, BY LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT

SCOTT A. RICHMAN, ESQ.,
Florida Bar No. 0182753
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
JACKLYN SIGNORELLI
Florida Bar No. 1041181
MCDONALD TOOLE WIGGINS, P.A.
and

MITCHELL A. KARLAN, ESQ., *Pro Hac Vice*
TIMOTHY SUN, ESQ., *Pro Hac Vice*
ANDREW FREIRE, ESQ., *Pro Hac Vice*
GIBSON, DUNN & CRUTCHER LLP

*Attorneys for Defendants Textron Inc. and Textron eAviation Inc.*

## TABLE OF CONTENTS

Page

LEGAL STANDARD ................................................................................................ 2

ARGUMENT ........................................................................................................... 3

I.  Plaintiffs Have Not Demonstrated Good Cause. ............................................. 3

II.  Plaintiffs' Proposed Amendments Would Be Futile ...................................... 4

    A.  Plaintiffs' Proposed Amendments Would Not Even Fix The
       Deficiencies They Purport To Address. ..................................................... 5

    B.  Plaintiffs' Proposed Amendments Would Not Cure The FAC's
       Other Fatal Defects .................................................................................... 8

III. The FAC Should Be Dismissed With Prejudice. ........................................... 9

CONCLUSION .................................................................................................... 10

# TABLE OF AUTHORITIES

## Cases

Page(s)

*Anderson v. Brown Indus.*,
   614 F. App'x 415 (11th Cir. 2015) ................................................................. 3

*Aragon-duque v. Fla. Dep't of Educ. Vocational Rehab. Off.*,
   2020 WL 13547433 (M.D. Fla. Aug. 28, 2020) ......................................... 7

*Coventry First, LLC v. McCarty*,
   605 F.3d 865 (11th Cir. 2010) ...................................................................... 5

*D.N. by Jessica N. v. DeSantis*,
   2023 WL 7323078 (S.D. Fla. Nov. 6, 2023) ............................................... 9

*Donley v. City of Morrow, Georgia*,
   601 F. App'x 805 (11th Cir. 2015) ............................................................... 3

*Jackson v. Bank of Am., N.A.*,
   898 F.3d 1348 (11th Cir. 2018) .................................................................. 10

*Kidwell v. Wagoner*,
   2009 WL 10670319 (M.D. Fla. Dec. 9, 2009), *report and
   recommendation adopted*, 2010 WL 11507289 (M.D. Fla. Apr. 2,
   2010) ................................................................................................................. 9

*Kulich v. Royal Caribbean Grp.*,
   2021 WL 7082995 (S.D. Fla. Sept. 3, 2021) ............................................... 6

*McDonough v. City of Homestead*,
   771 F. App'x 952 (11th Cir. 2019) ............................................................... 9

*Moody v. City of Delray Beach*,
   609 F. App'x 966 (11th Cir. 2015) ............................................................... 3

*MSP Recovery Claims, Series LLC v. Westfield Ins. Co.*,
   2021 WL 8343201 (S.D. Fla. Sept. 27, 2021) ........................................... 9

*Ruben v. Silversea Cruises, Ltd. (Inc.)*,
   2020 WL 13402070 (S.D. Fla. Feb. 25, 2020) ........................................... 5

*Smalls v. New Penn Fin., LLC*,
   2021 WL 1530840 (M.D. Fla. Apr. 19, 2021) ........................................... 7

*Stellato v. Medtronic Minimed, Inc.*,
   2021 WL 3134689 (M.D. Fla. Jan. 22, 2021) ....................................... 2, 3

*Weiland v. Palm Beach Cnty. Sheriff's Office*,
   792 F.3d 1313 (11th Cir. 2015) ............................................................... 3, 8

Plaintiffs concede that their FAC violates rules against shotgun pleading and admit they "understood this should not be done." *See* Plaintiffs' Motion to Amend, Dkt. 68 ("MTA") at 3. Moreover, Plaintiffs' shotgun FAC was already their *second attempt* at suing Defendants, and Declan's *third attempt* at suing Textron Inc.[1] After Plaintiffs filed their original complaint, Defendants moved to dismiss. *See* Dkt. 27. Rather than respond to that motion, Plaintiffs filed their FAC, having had the benefit of crafting that amended complaint with the litany of their prior deficiencies spelled out for them in Defendants' original motion to dismiss. And yet, the result of that fully-informed second bite at the apple is an FAC as fatally deficient as the original, that *repeated* the same pleading transgressions, and that was so jammed with confusing, conclusory, vague, and immaterial allegations as to be, in significant part, indecipherable. *See generally* MTD.

Now, months after filing their FAC (August 11), more than a month after Defendants filed their MTD (September 29), more than a month after the deadline to amend pleadings has passed (September 15, *see* Dkt. 36), and *after* they have already filed an Opposition to Defendants' MTD, Plaintiffs come to the Court admitting to "two errors"—a fraction of the actual deficiencies populating their FAC—that they have apparently been fully cognizant of but did nothing about.

---

[1] Declan previously sued Textron Inc. in Rhode Island Superior Court for breach of the same contract at issue here, but voluntarily dismissed its lawsuit on February 22, 2023. *See* Dkt. 52 ("MTD") at 3 n.2 (citing Dkt. 13).

Any attempt now to amend, either by interlineation or with a full second amended complaint, is far too little and far too late.  Declan has already harassed Textron Inc. with baseless suits across jurisdictions.  MTD at 3 n.2.  In this action, Plaintiffs have already had two opportunities to craft a comprehensible complaint that clears the bare-minimum rules against shotgun pleadings and have failed to do so, even while now admitting that they have always been fully cognizant of those rules.  There is zero good cause to allow yet another set of futile amendments, most of which do nothing to remedy even the limited shotgun pleading violations that Plaintiffs purport to be fixing, much less the FAC's other deficiencies.  The proper course here is dismissal with prejudice, not further amendment.

## LEGAL STANDARD

Where, as here, "a motion to amend is filed after a scheduling order deadline, [Federal] Rule [of Civil Procedure] 16 is the proper guide for determining whether a party's delay may be excused." *Stellato v. Medtronic Minimed, Inc.*, 2021 WL 3134689, at *1 (M.D. Fla. Jan. 22, 2021).  A "Plaintiff must demonstrate good cause under Rule 16 before the Court will consider whether amendment is proper under Rule 15." *Id.*

Under Rule 15, a "district court need not grant leave to amend where (1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing amendment would

cause undue prejudice to the opposing party; or (3) the amendment would be futile." *Moody v. City of Delray Beach*, 609 F. App'x 966, 968 (11th Cir. 2015).

## ARGUMENT

### I.   Plaintiffs Have Not Demonstrated Good Cause.

The deadline for Plaintiffs to amend their pleadings passed on September 15, 2023.  Dkt. 36.  Therefore, Plaintiffs must show "good cause" under Rule 16. *Stellato*, 2021 WL 3134689, at *1.  "[T]o satisfy Rule 16's good cause standard, the party must show diligence in pursuing his claims." *Anderson v. Brown Indus.*, 614 F. App'x 415, 417 (11th Cir. 2015).  "A plaintiff lacks diligence when, prior to the scheduling order deadline, he . . . had full knowledge of the information with which he later sought to amend his complaint." *Donley v. City of Morrow, Georgia*, 601 F. App'x 805, 811 (11th Cir. 2015).

Plaintiffs concede that they lacked diligence.  As to the first of the "two errors" they purport to redress with these amendments—the "mortal sin" of "adopt[ing] the allegations of all preceding counts," *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)—Plaintiffs offer a *mea culpa*: "Simply stated, as evidenced by the original Complaint, Plaintiffs understood this should not be done and it was a mistake to have done so in the FAC."  MTA 3.  In other words, Plaintiffs knew full well "causing each successive count to carry all that came before" is not permitted, but did so anyway. *Weiland*, 792 F.3d at 1321.

As to the second of the "two errors"—creating an (ongoing) mass of confusion over the claims involving "RRA-Client Contracts" and "RRA-Customer Contracts"—Plaintiffs offer another *mea culpa*: "This confusion is caused by another drafting error. . . . The decision was made to allege tortious interference with these contracts in a new Count Four; but unfortunately, after that was done, Plaintiffs failed to revise Count Three to delete the references to those contracts." MTA 3-4.  In other words, Plaintiffs knew their allegations were terminally confusing but filed the FAC anyway, having apparently failed to even read the FAC before doing so and thus forcing Defendants and the Court to continue grappling with that confusion right up to today.

To say Plaintiffs lacked diligence is an understatement.  Not only did they not review their own (second) complaint before (re)filing it, they apparently *never looked at it again* until now—not when they met and conferred with defense counsel prior to Defendants filing their MTD, not when Defendants filed their MTD, not when the deadline to amend came and went.  They have knowingly wasted the parties' and the Court's resources and continue to do so.  No good cause exists to allow these amendments.

## II.   Plaintiffs' Proposed Amendments Would Be Futile.

Even if there were good cause to allow the amendments—there is not—Plaintiffs' motion should be denied because the proposed amendments would be

futile.  "[I]f the proposed amended pleading still could not withstand a motion to dismiss, leave to amend may be denied for futility." *Ruben v. Silversea Cruises, Ltd. (Inc.)*, 2020 WL 13402070, at *20 (S.D. Fla. Feb. 25, 2020); *see also Coventry First, LLC v. McCarty*, 605 F.3d 865, 870 (11th Cir. 2010) ("A proposed amendment may be denied for futility when the complaint as amended would still be properly dismissed.").

### A.  Plaintiffs' Proposed Amendments Would Not Even Fix The Deficiencies They Purport To Address.

Plaintiffs admit they erred by creating "confusion" concerning "the defined terms '<u>RRA-Client Contracts</u>' and '<u>RRA-Customer Contracts</u>.'" MTA 3.  As Defendants pointed out in their MTD, the FAC defined each term in a vague and contradictory manner; none of these "contracts" or "clients" or "customers" were identified; there were no allegations as to how, when, or where these contracts were allegedly breached, how Defendants allegedly induced such breaches, or whether Defendants were even aware of these contracts; and Count Three and Count Four impermissibly lumped together multiple causes of action purportedly pertaining to these contracts into single counts.  MTD 15, 34-35, 37, 39.

Plaintiffs' *only* proposed amendment to purportedly correct these gross deficiencies is to delete "all references to 'RRA-Client Contracts' in Count Three." MTA 5.  This falls far short of saving the FAC from dismissal.

For starters, deleting "RRA-Client Contracts" from Count Three would still

leave several references to "RRA-Customer Contracts" in Count Three.  *See* FAC ¶¶ 181, 183.  So the Court and Defendants still do not know: is Count Three incorporating those allegations or not?  Further, deleting "RRA-Client Contracts" does nothing to clarify what "RRA-Customer Contracts" actually refers to.  That term is still defined in multiple different ways.  *See* FAC ¶¶ 36, 146, 188; MTD 15 n.6.  The FAC still does not identify any "customer" or "contract," establish the contracts' relevant terms, or specify what terms were breached, how they were breached, when, where, or how Defendants induced such breaches, or how Defendants allegedly even knew of these contracts.[2]

Moreover, even with the proposed amendment, the FAC would still impermissibly lump multiple causes of action into a single count.  Setting aside the continued references to "RRA-Customer Contracts" in Count Three, Count Four would still include *all* claims involving those "RRA-Customer Contracts," that is, interference with "*numerous agreements* with *various customers* to purchase

---

[2] In Plaintiffs' Opposition to Defendants' MTD, Plaintiffs claim to have cured the defects regarding the "RRA-Customer Contracts" by identifying these contracts in an RFP and in an email to counsel.  Dkt. 65 at 33 n.4.  But it should go without saying that a plaintiff cannot amend a deficient pleading by sneaking in purported factual allegations through *discovery requests* and an *email to counsel*. *Cf. Kulich v. Royal Caribbean Grp.*, 2021 WL 7082995, at *7 (S.D. Fla. Sept. 3, 2021).  Moreover, the referenced material is simply a list of names (and in the email, dates), but the list of names differ dramatically between the RFPs and the email, and nowhere are there any allegations of what these purported "contracts" covered, what terms were allegedly breached, how they were breached, when, where, or how Defendants allegedly induced such breaches, or how Defendants were allegedly aware of these contracts.  In other words, to this day, Defendants still have not been provided with any of the material facts necessary to make out a claim based on such contracts.

approximately 30 Pipistrel aircraft." FAC ¶ 188 (emphasis added).

Thus, even accepting Plaintiffs' proposed amendments, these claims would still be dismissed, under shotgun pleading rules or otherwise. *See, e.g.*, *Aragon-duque v. Fla. Dep't of Educ. Vocational Rehab. Off.*, 2020 WL 13547433, at *1 (M.D. Fla. Aug. 28, 2020) (Presnell, J.) (dismissing complaint with "conclusory and confusing" allegations); *Smalls v. New Penn Fin., LLC*, 2021 WL 1530840, at *2 (M.D. Fla. Apr. 19, 2021) ("Plaintiff must separate each cause of action or claim into different counts."); MTD 15, 35, 37, 38-39.

As for the other proposed amendments purporting to cure the FAC's improper incorporation of all preceding allegations into each successive count, those amendments do nothing to clarify Plaintiffs' allegations. Plaintiffs' purported corrections to paragraphs 166, 177, and 187 of the FAC (that is, Counts Two, Three, and Four) would *each* incorporate *the entirety of* paragraphs 110-151. MTA 4-5. It defies logic for Plaintiffs to suggest that separate claims involving an RRA/Pipistrel contract, an RRA/Mesa Airlines contract, and "numerous" contracts with unspecified "customers" are *all* based on the *same* allegations. This proposed amendment does not offer any more clarity as to what allegations are actually relevant to Counts Two, Three, and Four than did incorporating all preceding paragraphs. For example, paragraphs 124-131 concern RRA's contract with Mesa Airlines. How are these allegations material to the "numerous"

unspecified "customers" in Count Four?  Paragraphs 132-150 ping-pong around a grab bag of vague and confusing allegations under the generic heading, "Textron and Textron eAviation – Tortious Interference and Other Misconduct, Part 2," with little to no relevance to any tortious interference with contract claims, much less to *all three of* Counts Two, Three, and Four.

Plaintiffs' proposed amendments still leave the FAC "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322.  The motion to amend should be denied and the FAC should be dismissed with prejudice.

### B.    Plaintiffs' Proposed Amendments Would Not Cure The FAC's Other Fatal Defects.

The FAC contains more than the two shotgun pleading violations Plaintiffs purport to remedy here.  *See* MTD 35-39.  At least one such additional violation—the lumping together of multiple defendants—was already present in Plaintiffs' original complaint and identified as improper in Defendants' first motion to dismiss.  *See* Dkt. 27 at 10, 21-22.  Yet the FAC double-downed on that strategy, and Plaintiffs' Motion to Amend does not even attempt to address that or any other shotgun pleading violations.

Moreover, nothing has changed the fact that Defendants are still not subject to personal jurisdiction, MTD 4-15, or that the FAC still fails to state a claim, MTD 19-35.  Plaintiffs' proposed amendments do nothing to address these issues.

Plaintiffs' proposed amendments cannot save the FAC from dismissal and are thus futile.  *See, e.g.*, *MSP Recovery Claims, Series LLC v. Westfield Ins. Co.*, 2021 WL 8343201, at *4 (S.D. Fla. Sept. 27, 2021) (motion to amend "futile" where "[t]he amended complaint repeats verbatim the allegations concerning personal jurisdiction"); *Kidwell v. Wagoner*, 2009 WL 10670319, at *2 (M.D. Fla. Dec. 9, 2009) (if amended complaint "could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied"), *report and recommendation adopted*, 2010 WL 11507289 (M.D. Fla. Apr. 2, 2010); *D.N. by Jessica N. v. DeSantis*, 2023 WL 7323078, at *20 (S.D. Fla. Nov. 6, 2023) ("[Plaintiff] never even bothered to oppose the Defendants' arguments on the merits.  We needn't grant leave to amend in these circumstances.").

## III.    The FAC Should Be Dismissed With Prejudice.

Plaintiffs have conceded that the FAC is defective, that they were fully aware that their FAC violated pleading rules, and that they filed their FAC anyway and did nothing about acknowledged deficiencies until this late date.  Dismissal with prejudice is required where, as here, Plaintiffs "acknowledged those defects" and "refiled [the] lawsuit" anyways.  *McDonough v. City of Homestead*, 771 F. App'x 952, 956 (11th Cir. 2019).  The FAC was already Plaintiffs' "second chance to file a permissible, amended complaint" in this action, *id.*, and they had been provided "fair notice" of deficiencies by virtue of Defendants' first motion to dismiss,

*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).  Enough is enough.

Further amendment is not warranted.  Dismissal with prejudice is.

## CONCLUSION

The Court should deny Plaintiffs' Motion to Amend.

Dated:      November 16, 2023        Respectfully submitted,


                                     */s/ Scott A. Richman*
                                     SCOTT A. RICHMAN, ESQ.
                                     Florida Bar No. 0182753
                                     JESSICA M. KENNEDY, ESQ.
                                     Florida Bar No. 0096015
                                     JACKLYN SIGNORELLI
                                     Florida Bar No. 1041181
                                     MCDONALD TOOLE WIGGINS, P.A.
                                     111 N. Magnolia Avenue
                                     Suite 1200
                                     Orlando, FL  32801
                                     Telephone: (407) 246-1800
                                     Facsimile: (407) 246-1895
                                     srichman@mtwlegal.com
                                     DeclanFlightvTextronInc@mtwlegal.com

                                     and

                                     MITCHELL A. KARLAN, ESQ.
                                     *Pro Hac Vice*
                                     TIMOTHY SUN, ESQ.
                                     *Pro Hac Vice*
                                     ANDREW FREIRE, ESQ.
                                     *Pro Hac Vice*
                                     GIBSON, DUNN & CRUTCHER LLP
                                     200 Park Avenue
                                     New York, NY 10166-0193

MKarlan@gibsondunn.com
TSun@gibsondunn.com
AFreire@gibsondunn.com

*Attorneys for Defendants Textron Inc. and Textron eAviation Inc.*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send notification of such filing on November 16, 2023 to:

James L. Kauffman, Esq., Brian A. Glasser, Esq., John G. Turner, III, Esq., and Robert R. Bell, III, Esq., BAILEY GLASSER, LLP, 1055 Thomas Jefferson St. NW, Suite 540, Washington, D.C., 20007; jkaufmann@baileyglasser.com; bglasser@baileyglasser.com; jturner@baileyglasser.com; rbell@baileyglasser.com; *Attorney for Plaintiffs, Declan Flight, Inc. and Right Rudder Aviation, LLC*

*/s/ Scott A. Richman*
SCOTT A. RICHMAN, ESQ.
Florida Bar No. 0182753
JESSICA M. KENNEDY, ESQ.
Florida Bar No. 0096015
JACKLYN SIGNORELLI
Florida Bar No. 1041181
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
srichman@mtwlegal.com
DeclanFlightvTextronInc@mtwlegal.com

**71**

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**(ORLANDO DIVISION)**

_____

| | |
|---|---|
| DECLAN FLIGHT, INC. and | ) |
| RIGHT RUDDER AVIATION, LLC | ) |
| | ) |
| Plaintiffs, | ) Case No. 5:23-cv-00301-GAP-PRL |
| | ) |
| v. | ) The Honorable Gregory A. Presnell |
| | ) |
| TEXTRON, INC., and | ) JURY DEMANDED |
| TEXTRON eAVIATION, Inc. | ) |
| | ) |
| Defendants. | ) |

_____

**PLAINTIFFS' MOTION TO AMEND THE FIRST AMENDED**
**COMPLAINT BY INTERLINEATION BY DISMISSING CAUSE OF**
**ACTION IV UNDER FED. R. CIV. P. 15(a) OR, IN THE ALTERNATIVE,**
**BY LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs Right Rudder Aviation, LLC ("RRA") and Declan Flight, Inc. hereby file their Motion to Amend the First Amended Complaint by Interlineation by Dismissing Cause of Action IV under FEDERAL RULE OF CIVIL PROCEDURE 15(a). Defendants oppose this Motion. In support, Plaintiffs state as follows:

In Count IV of the First Amended Complaint ("FAC"), RRA alleged that Defendants tortiously interfered with the RRA Customer Contracts. *See* ECF 44 ¶¶187–96. RRA now seeks dismissal of Count IV of the FAC pursuant to FED. R. CIV. P. 15(a).

"[W]hen a party seeks to dismiss one claim of a multi-claim action, the party should file a motion to amend the complaint under Rule 15(a)." *Salav v. Boyland Auto Orlando, LLC*, No. 607CV1892ORL19GJK, 2008 WL 254127, at *2 (M.D. Fla. Jan. 29, 2008) (citing *Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1106 (11th Cir. 2004)).   Moreover, a complaint may be amended by interlineation or by the filing of a successive amended complaint.   *See, e.g.*, *Freedom Scientific, Inc. v. Enhanced Vision Systems, Inc.*, No. 8:14–cv–1229–T–36AEP, 2014 WL 12617967, at * 1 (M.D. Fla. Dec. 16, 2014).

Rule 15(a)(1) "allows a party to amend its complaint once as a matter of course at any time before a responsive pleading is served." *Id.*  But if, as here, the Complaint has been amended once before, Plaintiffs may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).   "The [C]ourt should freely give leave when justice so requires." *Id.*; *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("this mandate is to be heeded.").   Justice is so required here: The Court should grant Plaintiff's Motion as a result. *See Foman*, 371 U.S. at 182 ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

Currently pending before the Court is the Motion to Dismiss ("MTD") filed by Defendants.  *See* ECF No. 52.  Defendants raise a myriad of issues with respect to Count IV of the FAC.  As set forth in Plaintiffs' Response to the MTD, *see* ECF No. 65, and Plaintiffs Motion to Amend by Interlineation, *see* ECF No. 68, Plaintiffs proposed to fix by interlineation Defendants' actual meritorious concerns with respect to certain definitions used in the FAC, among other concerns.

Defendants oppose the Motion for Interlineation, *see* ECF No. 70, vehemently (and perhaps even stridently) contending that the issues surrounding Count IV—which was not in the Original Complaint, *see* ECF No. 1—have far more significance (at least to Defendants) than is warranted. Rather than burden the Court with this litigiousness, RRA has decided to voluntarily dismiss Count IV since the damages from Defendants' wrongful acts—detailed painstakingly in both the FAC, *see* ECF No. 44 ¶¶ 146, 147, and Original Complaint, *see* ECF No. 1 ¶¶ 92, 93,—are most likely subsumed in the damages caused by Defendants' wrongful conduct described in Count II.

Accordingly, in the interest of judicial economy and eliminating any judicial burden by continuing to ask the Court to decide an issue that at the end of the day may have  no practical consequence to this litigation, RRA seeks to dismiss Count IV of the FAC.  To accomplish this goal in the most expeditious manner possible, Plaintiffs hereby requests the following revision

by interlineation:  Count IV (Paragraphs 187 through 196) of the FAC should be **<u>DELETED</u>**.

Defendants oppose the relief requested; however it is difficult to understand how dismissing Count IV of the FAC in any way prejudices Defendants.

This Court should grant the Plaintiffs' Motion and allow amendment either by interlineation or by the filing of a Second Amended Complaint within seven (7) days.

## LOCAL RULE 3.01(g) CERTIFICATION

On November 17, 2023 Plaintiffs' counsel conferred with Defendants' counsel by e-mail and telephone regarding this motion.  Defendants' counsel stated that they opposed the relief sought in this motion

DATE: November 17, 2023                    Respectfully submitted,

                                           BAILEY GLASSER LLP

                                           */s/ John G. Turner, III*
                                           James L. Kauffman (Fla. Bar No. 12915)
                                           Brian A. Glasser (admitted *pro hac vice*)
                                           John G. Turner III (admitted *pro hac vice*)
                                           Robert R. Bell III (admitted *pro hac vice*)
                                           1055 Thomas Jefferson Street, N.W.
                                           Suite 540
                                           Washington, DC 20007
                                           Telephone: (202) 463-2101
                                           Facsimile: (202) 463-2103
                                           jkauffman@baileyglasser.com
                                           bglasser@baileyglasser.com
                                           jturner@baileyglasser.com
                                           rbell@baileyglasser.com

                                           *Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 17, 2023, the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system which sent notification to the following:

SCOTT A. RICHMAN, ESQ.
JESSICA M. KENNEDY, ESQ.
MCDONALD TOOLE WIGGINS, P.A.
111 N. Magnolia Avenue
Suite 1200
Orlando, FL 32801
Telephone: (407) 246-1800
Facsimile: (407) 246-1895
srichman@mtwlegal.com
jkennedy@mtwlegal.com

MITCHELL A. KARLAN, ESQ.
TIMOTHY SUN, ESQ.
ANDREW FREIRE, ESQ.
GIBSON DUNN
200 Park Avenue
New York, NY 10166-0193
mkarlan@gibsondunn.com
tsun@gibsondunn.com
afreire@gibsondunn.com

*Counsel for Defendants Textron, Inc. and Textron eAviation, Inc.*

*/s/ John G. Turner, III*
John G. Turner, III

73

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

DECLAN FLIGHT, INC. and RIGHT
RUDDER AVIATION, LLC,

        Plaintiffs,

v.                                 Case No:  5:23-cv-301-GAP-PRL

TEXTRON EAVIATION, INC. and
TEXTRON, INC.,

        Defendants

_____

## ORDER

      This cause came before the Court for consideration without oral argument on Plaintiffs' Motions to Amend the First Amended Complaint (Docs. 68, 71). The Court has also considered Defendants' Response in Opposition (Doc. 70).

## I.    Background

      On May 11, 2023, Plaintiffs Declan Flight, Inc. and Right Rudder Aviation, LLC ("Plaintiffs"), filed suit again Defendants Textron eAviation, Inc. and Textron, Inc. ("Defendants"), alleging tortious interference with several business contracts. *See* Doc. 1. Defendants filed a Motion to Dismiss based on lack of jurisdiction and other grounds on July 21, 2023. *See* Docs. 27, 41. Instead of responding to

Defendants' motion, Plaintiffs filed their First Amended Complaint ("FAC") on August 11, 2023. *See* Doc. 44.

Thereafter, Defendants filed a subsequent Motion to Dismiss Plaintiffs' FAC on September 29, 2023, to which Plaintiffs Responded in Opposition on November 3, 2023.[1] *See* Docs. 52, 61, 65. After this Court granted Defendants' motion to file a Reply, *see* Docs. 66, 67, Plaintiffs moved to amend the FAC, pointing to several "drafting errors" that continued to plague their pleading. Doc. 68 at 4-5. Defendants responded in opposition, arguing that no good cause exists to grant Plaintiffs' Motion. Doc. 70 at 1-2. Plaintiffs then filed *another* Motion to Amend their FAC, this time seeking to voluntarily dismiss Count IV. Doc. 71 at 1. Defendants likewise opposed this motion. *Id.* at 4. The Case Management and Scheduling Order ("CMSO") set a deadline of September 15, 2023, to Add Parties or to Amend Pleadings. Doc. 36 at 1.

## II.    Legal Standard

Federal Rule of Civil Procedure ("FRCP") 15(a) requires that courts "freely give leave when justice so requires" to parties seeking to amend their complaint. "In the absence of any apparent or declared reason—such as undue delay, bad faith

---

[1] Plaintiff's Motion for Extension of Time through November 3, 2023, to respond to Defendants Motion to Dismiss was filed, and subsequently granted, on October 6, 2023. Docs. 57, 58.

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted)).

However, if a motion to amend is filed after the scheduling order's deadline, a movant "must first demonstrate good cause under [FRCP] Rule 16(b) before we will consider whether amendment is proper under Rule 15(a)." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998).[2] "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Id.* at 1418 (quoting FRCP 16 advisory committee's note). Indeed, "[i]f [a] party was not diligent, the [good cause] inquiry should end." *Id.* (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### III.   Analysis

In their first motion, Plaintiffs insist that their revisions simply remedy the shotgun pleading issues and will not require Defendants to refile their Motion to

---

[2] *See also id.* ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

Dismiss. Doc. 68 at 6. Plaintiffs seek leave to correct two errors: (1) the numbered paragraphs identified as relevant to each count are incorrect in the FAC, and (2) Plaintiffs failed to delete all references to "RRA-Client Contracts" in Count Three of the FAC. *Id.* at 4-5. Defendants counter, however, that Plaintiffs have had ample opportunity to correct these errors and have therefore not demonstrated the good cause required to alter the CMSO under FRCP 16. Doc. 70 at 3-4. Defendants further argue that Plaintiffs' proposed amendments would be futile even if the Court allowed them. *Id.* at 4-9.[3]

Before the Court could rule on their first request, however, Plaintiffs filed yet *another* motion to amend their FAC—this time to voluntarily dismiss Count IV. Doc. 71 at 3. Plaintiffs, apparently thinking out-loud through their filings, admit that any damages that might have been connected to their Count IV claim are likely subsumed by those in Count II. *Id.* Indeed, in arguing this point to the Court, Plaintiffs concede that Count IV "may have no practical consequence to this litigation." *Id.* Simply put, Plaintiffs' actions have prejudiced the Defendants and, therefore, its motions must be denied.

---

[3] *See, e.g.*, Doc. 70 at 8-9 ("For starters, deleting 'RRA-Client Contracts' from Count Three would still leave several references to 'RRA-Customer Contracts' in Count Three.").

The Court first recognizes that each of Plaintiffs' "drafting errors" could have been avoided through reasonable diligence. Plaintiffs admit that they "commit[ted] the mortal sin of re-alleging all preceding counts" in their FAC—or First *Amended Complaint*. Doc. 68 at 3; *see Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). They further admit that it was their "fail[ure] to revise Count [III]" after making strategic litigation choices which resulted in confusing their allegations. Doc. 68 at 3-4. They now seek to dismiss Count IV after admitting that the damages are likely the same as those in Count II and that its allegations in Count IV have no practical relevance to the litigation. Doc. 71 at 3. All of this has been discovered and brought to the Court's attention only *after* Defendants' *second* Motion to Dismiss was fully briefed.

Plaintiffs continue to contend, however, that granting their motions is in the interest of judicial economy. *Id.* But the Court has no assurances that Plaintiffs will not bring more "drafting errors" to its attention next week. Nor could it allow Plaintiffs to make the morass of proposed revisions and justifiably require Defendants to rest upon their existing papers—which have become stale after Plaintiffs' filings. Fortunately, the standard here is a simple one: "if a party was not diligent, the good cause inquiry should end." *Sosa*, 133 F.3d at 1419. Plaintiffs have

not been diligent in providing a compliant complaint from which Defendants can litigate this case. [4]

Therefore, the Court finds that Plaintiffs have not demonstrated good cause under the Federal Rules for leave to amend their FAC. *See* Fed. R. Civ. P. 16(b)(4); *see also Sosa*, 133 F.3d at 1419.

**IV.    Conclusion**

Accordingly, it is **ORDERED** that Plaintiffs' Motions to Amend their First Amended Complaint are hereby **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on November 22, 2023.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] The Court notes that, despite clear Eleventh Circuit precedent evincing the good cause requirement of Rule 16(b) where motions to amend are filed after the scheduling order deadline, Plaintiffs make no attempt to show that there is good cause to grant their motions. *Sosa*, 133 F.3d at 1419.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Appellees/Cross-Appellants' Supplemental Appendix was filed electronically on July 12, 2024, and will, therefore be served electronically upon all counsel.

*/s/ Keef F. Owens*